(Reap. Dec. 10524)

HENRY A. WEISS, INC. v. UNITED STATES

Entry No. 1150, etc.

(Decided June 4, 1963)

*Tompkins & Tompkins* for the plaintiff.
*John W. Douglas*, Assistant Attorney General, for the defendant.

RICHARDSON, Judge: The reappraisement appeals enumerated in the attached schedule of cases, designated schedule A, have been submitted upon a stipulation reading as follows:

It is hereby stipulated and agreed by and between counsel for the Plaintiff and the Assistant Attorney General for the United States, Defendant, that the items marked "A" and initialed LEM or JFJ by Examiner Louis E. Mangett

or James F. Jedlicka on the invoices accompanying the entries covered by the reappraisement appeals listed in the Schedule A below, which Schedule A is made a part of this stipulation, consist of mechanical robot calendars exported from Denmark to the United States during the period from March, 1952 through June, 1954, appraised on the basis of "cost of production" as defined in Section 402(f) Tariff Act of 1930 (prior to the Customs Simplification Act of 1956) at 16.2585 Danish Kroner per piece, net packed, including a royalty of 1.96 Danish Kroner to Gleerup Moller and a commission of 0.5176 Danish Kroner to Hansen & Co., of the same kind in all material respects, and sold to the importer herein under the same marketing and sales conditions as the merchandise and market and sales conditions involved in the case of *United States* v. *Henry A. Wess, Inc., A.R.D. 142*, wherein it was held that the royalty and commission should not be included as a part of the "cost of production" dutiable value, and that the said "cost of production" was 13.7809 Danish Kroner per calendar.

That at or about the time of exportation, neither such nor similar merchandise was freely sold or offered for sale for home consumption in Denmark, nor for exportation to the United States, nor freely offered for sale in the United States.

It is further stipulated and agreed that the record in the case of *United States* v. *Henry A. Wess, Inc.*, A.R.D. 142, be incorporated in the record in this case, and that the reappraisement appeals be submitted on this stipulation.

On the agreed facts, I find:

1. That cost of production, as that value is defined in 19 U.S.C.A., section 1402(f) (section 402(f), Tariff Act of 1930), is the proper basis for determination of the value of the merchandise described in the invoices accompanying the entries covered by the reappraisement appeals listed in schedule A, attached hereto.

2. That the cost of production of such merchandise does not include a royalty of 1.96 Danish kroner per piece and a commission of 0.5176 Danish kroner per piece.

3. That the cost of production of such merchandise is 13.7809 Danish kroner per piece.

Judgment will be entered accordingly.